IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA A. PFLEIDERER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. 4:10-CV-01174-BCW |

## **ORDER**

Before the Court are Plaintiff Cynthia A. Pfleiderer's brief seeking judicial review of a final decision by Defendant Commissioner of Social Security (Doc. #12) and Defendant Commissioner's brief in support of the Commissioner's decision (Doc. #15).

This matter involves the appeal of the Commissioner's final decision denying Pfleiderer's application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* ("Act"). The Court may review the Commissioner's final decision pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). The Court must decide whether the Commissioner's finding that Pfleiderer was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id.

1

**BACKGROUND**

Pfleiderer filed an application for disability and disability insurance benefits under Title II of the Act on June 12, 2006.[1] Pfleiderer's application was denied initially and upon reconsideration. On Pfleiderer's Request for Hearing, she appeared before Administrative Law Judge Lantz McClain ("ALJ") by video hearing on August 3, 2009. On August 26, 2009, the ALJ rendered a partially unfavorable decision.

The ALJ considered Pfleiderer's impairments using the required five-step sequential evaluation process. 20 C.F.R. § 404.1520 (2012). At step one, the ALJ found Pfleiderer had not engaged in substantial gainful activity since March 1, 2003, the alleged disability onset date. At step two, the ALJ found Pfleiderer had the following severe impairments: mild degenerative disc disease of the cervical spine status post surgery, moderate chronic obstructive pulmonary disease, sleep apnea, stenosis of the carotids bilaterally, depression, anxiety and post-traumatic stress disorder. At step three, the ALJ found that none of Pfleiderer's impairments equaled a listed impairment. See 20 C.F.R. pt. 404, subpt. p, app.1 (2012).

Before reaching step four, the ALJ was required to determine Pfleiderer's residual functional capacity ("RFC"). Based on all the evidence, the ALJ determined Pfleiderer had the RFC to perform light work, except she should avoid work above the shoulder level, she should be limited to simple, repetitive tasks, and she should have only incidental contact with the public. 20 C.F.R. § 416.967(b) (2012). The ALJ also examined the evidence and hearing testimony and found Pfleiderer's subjective complaints concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC assessment.

---

[1] Plaintiff also filed an application under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* that is not at issue in this matter.

The ALJ then proceeded to step four and determined Pfleiderer was unable to perform any past relevant work. The ALJ found Pfleiderer was 51 years old when she filed her application, categorizing Pfleiderer as an individual closely approaching advanced age. 20 C.F.R. § 416.963(d) (2008). The ALJ also found Pfleiderer attained 54 years and 6 months of age on May 24, 2009; on that date, Pfleiderer's age categorization changed to an individual of advanced age. 20 C.F.R. § 416.963(e) (2008). The ALJ concluded that prior to the age categorization change, the medical-vocational framework supported a finding that Pfleiderer was not disabled and therefore in applying step five, the ALJ found there existed a significant number of jobs in the national economy that Pfleiderer could have performed. 20 C.F.R. § 416.960(c) (2012); 20 C.F.R. § 416.966 (2012).

However, because Pfleiderer's age categorization changed to an individual of advanced age on May 24, 2009, the ALJ applied step five using this age categorization and found there did not exist a significant number of jobs in the national economy Pfleiderer could perform. 20 C.F.R. § 416.960(c) (2012); 20 C.F.R. § 416.966 (2012). The ALJ therefore concluded Pfleiderer was disabled as of May 24, 2009. On September 21, 2010, the Appeals Council denied review of the ALJ's decision. Thus the ALJ's decision is the Commissioner's final decision.

Pfleiderer contends substantial evidence on the record as whole does not support the ALJ's unfavorable decision because the ALJ erred in assessing Pfleiderer's RFC, resulting in an RFC assessment that is not supported by substantial evidence such that the Commissioner's decision must be reversed as a matter of law.

3

## ANALYSIS

Following full briefing by the parties, the Court heard oral argument at a hearing on July 24, 2012. Pfleiderer appeared by counsel, and the Commissioner appeared by counsel. Based on the parties' arguments and a complete review of the administrative record, the Court reverses the final decision of the Commissioner and remands this matter for reconsideration.

To properly assess a claim of disability, the Commissioner applies the five-step sequential evaluation process. 20 C.F.R. § 404.1505 (2012). Before step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e) (2012). An individual's RFC assesses a person's ability to do work-related physical and mental activities on a regular basis. SSR 96-8p. Though the ALJ bears the responsibility to make an administrative assessment of an individual's RFC based on all relevant evidence, an individual's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).

The ALJ should address every medical opinion and discuss the weight assessed to each. SSR 96-8p. A treating source's opinion can only be discounted when there are other medical assessments that are supported by better or more thorough medical evidence, or when the treating physician's opinion is inconsistent. Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000). Further, a non-treating physician's opinion is generally is not substantial evidence, especially when contradicted by a treating physician's opinion. Id. Finally, an ALJ's weighing of a non-medical opinion under the rules appropriate for weighing a medical opinion may be grounds for reversal. Dewey v. Astrue, 509 F.3d 447, 449-50 (8th Cir. 2007).

4

Here, the Court reviews the ALJ's factual findings to determine whether they are supported by substantial evidence on the record as a whole, and reviews de novo whether the ALJ's conclusions are based on legal error. Miles v. Barnhart, 374 F.3d 694, 698 (8th Cir. 2004). The Court should affirm the Commissioner's final decision where the ALJ has correctly applied the law and where there is substantial evidence on the record as a whole to support the decision. Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008).

Pfleiderer argues the ALJ mistakenly treated the opinion of a non-medical adjudicatory official as the opinion of a medical source, leading to legal error in weighing this non-medical opinion and, therefore, a flawed RFC. The adjudicatory official's statement at issue is the opinion of a Single Decisionmaker ("SDM") who is part of a program currently under testing by the Social Security Administration. The SDM makes disability determinations not necessarily with medical consultation. DI 12015.100 Disability Redesign Prototype Model, Program Operations Manual Systems (POMS) (Feb. 13, 2012), http://secure.ssa.gov/POMS.NSF/lnx/1041 2015100.

The Commissioner, while conceding the ALJ mistakenly referred to the opinion of the SDM as that of a physician, contends the error is harmless because the ALJ did not adopt the SDM opinion as his own. Instead, the Commissioner contends the ALJ found the SDM opinion consistent with the RFC assessment. The Commissioner further argues the error is harmless because where the SDM found Pfleiderer could perform light work without limitations, the ALJ found Pfleiderer could perform light work, but with certain limitations.

The ALJ's decision indicates the SDM's Physical Residual Functional Capacity Assessment was afforded some weight, though the ALJ noted the weight given to the opinion would be less than that given to a treating physician's opinion. The ALJ stated the following:

> The residual functional capacity conclusions reached by the physicians employed by the State Disability Determination Services also supported a finding of 'not disabled.' Although those physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision).

(Tr. at 23). It is clear other evidence existed in the record to support the ALJ's RFC assessment. However, it is also clear the ALJ treated the SDM's report as that of a physician. The Court disagrees with the Commissioner's argument that the ALJ's error lies in semantics alone. The ALJ's inadvertent weighing of a lay person's opinion under the rules appropriate for weighing the opinion of a medical consultant constitutes legal error.

The ALJ issued detailed findings that discussed Pfleiderer's medical records, Pfleiderer's credibility, and the reasons the ALJ discounted medical source opinions of two treating physicians, Drs. Hankins and Ali. Notwithstanding, the ALJ relied, at least in part, on the SDM's Physical Residual Functional Capacity Assessment. In light of the SDM's opinion being treated as a medical opinion, the Court cannot conclude the ALJ would have found the exact same RFC had the ALJ ignored the SDM's Physical Residual Functional Capacity Assessment, especially when the medical source statements from Pfleiderer's treating physicians suggest Pfleiderer's RFC was more limited than the ALJ assessed. Because a legal error occurred when the ALJ considered the SDM's RFC assessment as a medical opinion, the overall RFC assessment is flawed. Therefore, because the ALJ erroneously relied on the opinion of a person with no medical credentials as the opinion of a medical consultant, the Commissioner's decision is reversed. The Court need not discuss the additional grounds set forth by Pfleiderer for reversal of the Commissioner's decision.

The Commissioner's decision is reversed and the case is remanded for reconsideration. The Commissioner shall re-evaluate Pfleiderer's claim, starting at the first step of the five-step sequential evaluation process.

## CONCLUSION

IT IS HEREBY ORDERED, pursuant to sentence four (4) of 42 U.S.C. § 405(g), this matter is reversed and remanded to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATED: September 24, 2012            /s/ Brian C. Wimes
                                                                   JUDGE BRIAN C. WIMES
                                                                   UNITED STATES DISTRICT COURT